Hall and wife, Respondents, vs. Frankel and another, Appellants.

*February 13—March 11, 1924.*

*Slander: Individual or joint tort: Joinder of defendants: Repetition of identical slander: Conspiracy: Evidence: Pleading: Recital incorporating allegations already stated: Construction.*

1. A recital in a complaint, occurring after several causes of action for slander and a cause of action for conspiracy had been alleged, and contained in a preface to further causes of action, that "plaintiffs re-allege all the allegations heretofore made," did not convert the causes of action for slander theretofore or thereafter alleged into causes of action for conspiracy. p. 252.

2. Where the complaint charged various slanders by two defendants separately, a joint and several judgment against them could not stand, since each cause of action was separate and distinct and one defendant was an improper party in the causes of action against his codefendant. p. 252.

3. Slander is, with rare exceptions, an individual or separate, as distinguished from a joint, tort.  p. 253.

4. Repetition of the identical slanderous statements by several persons, or by the same person, gives rise to a separate, independent, and several right of action for each statement. p. 253.

5. In a slander suit against father and son, who were partners in the business of running a store, where there was no evidence that the son knew that an accusation of a theft of merchandise against plaintiff was false, or that he participated in the father's alleged purpose to make a false charge against plaintiff in order to conceal the father's indecent assault on her, the conclusion of the court that there was a conspiracy between father and son to ruin plaintiff's reputation is unwarranted. p. 254.

APPEAL from a judgment of the circuit court for Vilas county: A. H. REID, Circuit Judge. *Reversed.*

The complaint asserted a number of causes of action, although designated in the complaint and treated on the trial and the argument here as but three. The general statements common to all are these:

Plaintiffs are husband and wife and residents of the village of Eagle River, Wisconsin; the defendants (*Moses Frankel* being the father of defendant *David*) were copartners operating a general store in the same village. The allegation as to the copartnership was admitted in the answers.

The designated first cause of action recited that on July 4, 1921, the plaintiff *Tina Hall* was in the store operated by the defendant (not designating which defendant) for the purpose of exchanging a prior purchase, and that the defendant without provocation made improper and indecent remarks to *Mrs. Hall* and forcibly took hold of her and tried to pull her against her will into the back room of the store, only desisting therefrom upon the entry of customers. "That said assault and battery caused the plaintiffs great pain and suffering and humiliation, to their damage in the sum of $1,000."

The defendants' demurrers to such cause of action were overruled, but after trial, prior to the one involved in this appeal, such cause for assault and battery was withdrawn or not further relied upon by plaintiffs and is therefore not now before us. The complaint then recited as a second cause of action in substance the following (the designation by letters being ours):

A.   July 5, 1921, at defendants' store, the defendant *Moses Frankel,* in the presence and hearing of one Frank Hall, maliciously spoke of and concerning the plaintiff certain false and defamatory words in substance charging *Mrs. Hall* with the crime of larceny, "whereby the plaintiffs were injured in their reputation, to their damage in the sum of $2,000."

B.   That on July 4, 1921, at the same store, defendant *Moses Frankel,* in the presence and hearing of one McGee and others, similarly charged that *Mrs. Hall* was a thief and had committed the crime of larceny, "whereby the plaintiffs were injured," etc. (as above), "in the sum of $2,000."

C.   That on July 4th the defendant *Moses Frankel,* in the presence and hearing of one Erickson, similarly charged *Mrs. Hall* with the crime of larceny, "whereby the plaintiffs were injured," etc. (as above), "$2,000."

D.   That on July 4th the defendant *"Moses Frankel* communicated the aforesaid false and defamatory story, to wit, that this plaintiff, *Mrs. Tina Hall,* had stolen goods from his store, to his son *David Frankel,* whereupon said defendants *Moses Frankel* and *David Frankel* did conspire together to ruin the plaintiff's reputation and did generally tell said false story, as alleged, to a large number of people in and about the village of Eagle River, with intent thereby to injure the plaintiffs, whereby the plaintiffs were injured in their reputation, to their damage in the sum of $1,000."

Then followed what was designated as a further and third cause of action, as to which the plaintiffs "re-allege all the

allegations heretofore made by way of reference and for the sake of brevity," and then as follows:

E. That on July *4th* the defendant *David Frankel* (the son), in the presence and hearing of one O'Connor, maliciously spoke of *Mrs. Hall* false and defamatory words, in substance that *Mrs. Hall* had committed the crime of larceny from the store of the defendants, "whereby the plaintiffs were injured," etc. (as above), "$2,000."

F. That on July *5th* the defendant *David. Frankel,* in the presence and hearing of Mrs. Radcliffe, charged that *Mrs. Hall* had committed the crime of larceny, "whereby the plaintiffs were injured," etc. (as above) "$2,000."

G. That on or about July *5th* the defendant *David Frankel,* in the presence and hearing of one Olmstead, similarly charged that *Mrs. Hall* had committed the crime of larceny, "whereby the plaintiffs were injured," etc. (as above), "2,000."

H. That on July. *5th* the defendant *David Frankel,* in the presence of one Louis Belongia (a son of plaintiff *Mrs. Hall*), similarly charged *Mrs. Hall* with having committed the crime of larceny, "whereby the plaintiffs were injured," etc. (as above), "$1,000."

Judgment was demanded against the defendants in the several causes of action in the sum of $18,000.

Demurrers were interposed on behalf of the defendants separately and to each of the so designated first, second, and third causes of action on several grounds; among others, that several causes of action have been improperly united; and especially that the pretended second cause of action did not state facts sufficient to constitute a cause of action as to the defendant *David Frankel* and that said *David Frankel* had no interest in said pretended cause of action; and especially to the pretended third cause of action that it did not constitute a cause of action as to the defendant *Moses;* and to the complaint as a whole on the ground that several causes of action have been improperly united.

At the opening of the trial each defendant separately admitted having made, without malice, each of the statements alleged and set forth above as by him made of and concerning *Mrs. Hall,* but expressly without admitting that there was any concerted action or conspiracy on their part or that either defendant knew of the making of such statements by his codefendant.

The demurrers being overruled answers were interposed, and upon trial a special verdict was submitted in substance and answered as follows:

(1) Did the plaintiff *Mrs. Hall* on July 4th attempt to steal and carry away certain merchandise? *A.* No.

(2) What sum of money would fairly compensate *Mrs. Hall* for the damages suffered by her by reason of the defendants accusing her of such theft and then spreading such accusation publicly? *A.* $2,500.

(3) Did the defendants make such accusation and spread the same publicly because of express malice against the plaintiff *Tina Hall? A.* Yes.

(4) What sum of money do you assess as damages by way of punishment of the defendants? *A.* $500.

The defendants moved at the close of the trial that the question of conspiracy as alleged in the complaint be submitted to the jury, which motion was denied; the court ruling that it appeared without dispute that the defendants acted together and had a common interest and that there was not anything to submit to the jury on that question.

After motions by the respective parties judgment was ordered in favor of the plaintiffs and against the defendants jointly and severally in the sum of $3,000, with costs and disbursements, and from such judgment defendants appeal.

For the appellants there was a brief by *A. J. O'Melia* of Rhinelander, attorney, and *Charles Wiegand* of Eagle River and *Irving A. Fish* of Milwaukee, of counsel, and oral argument by *Mr. Fish* and *Mr. O'Melia.*

*Charles F. Smith, Jr.,* of Rhinelander, for respondents.

Hall v. Frankel, 183 Wis. 247.

ESCHWEILER, J. The charge of an indecent assault and a battery being now out of the case, the complaint presents, notwithstanding the pleader's attempted segregation into but two causes of action, the following:

Three several, separate, and independent causes of action against the defendant *Moses Frankel* for slander, with appropriate allegations as to damages in the sum of $2,000 in each.

A separate and independent cause of action for an alleged conspiracy between the two defendants to spread false and slanderous statements in the community against the plaintiff *Mrs. Hall,* as a result whereof the plaintiffs were injured in the sum of $1,000.

Four separate, several, and independent causes of action against the defendant *David Frankel* for slander, with appropriate allegations that as to three of them the plaintiffs were injured $2,000 respectively, and in the last $1,000.

None of these distinct slander causes of action are converted into conspiracy actions, as is now suggested by plaintiff, by force of the recital as preface to the so-called third cause of action (which includes the four slander causes against the defendant *David Frankel*) that "plaintiffs reallege all the allegations heretofore made," etc., as quoted *supra.*

A reasonable application of the rules for construction of pleadings would limit such resort to brevity to the general statements applicable to all the causes, such as residence and relationship of the parties. This certainly could not incorporate the assault and battery charge and the prior slander charges into each of the subsequent slander charges, nor could it work backwards and incorporate the conspiracy charge into the three several prior slander charges against defendant *Moses Frankel.* Such a resulting jumble cannot be countenanced.

So far as the seven several slander causes of actions are concerned, the joint and several judgment cannot be per-

mitted to stand. Slander, unlike libel, is, with rare exceptions, none of which are here present, an individual or separate, as distinguished from a joint, tort. Repetition of the identical slander by several persons, or by the same person, gives rise to a separate, independent, and several right of action for each statement. 1 Cooley, Torts (3d ed.) p. 209; Newell, Slander & L. (3d ed.) p. 467; 17 Ruling Case Law, 379; *Yocum v. Husted,* 185 Iowa, 119, 167 N. W. 663; *Blake v. Smith,* 19 R. I. 476, 34 Atl. 995.

It follows that defendant *David Frankel* was not a proper party in these several slander causes of action against defendant *Moses Frankel,* and the same is true as to defendant *Moses Frankel* in the four causes set forth as against defendant *David Frankel,* and it was prejudicial error to compel the defendants to remain so joined upon the trial, each thereby being held for his own several wrongs and for the other defendant's several wrongs.

The judgment cannot be supported under that part of the complaint charging a conspiracy by the defendants to falsely charge the plaintiff with theft and thereby injure her reputation.

It is undisputed that on the morning of July 4th *Mrs. Hall* was in defendants' store and that the defendant *Moses Frankel* displayed certain articles of merchandise to the defendant *David* and others then entering the store, claiming that *Mrs. Hall* had stolen the same and concealed them in a dress which she had just purchased or exchanged. *Mrs. Hall's* version of the transaction was that just before such announcement and while they were alone, defendant *Moses Frankel* had made an indecent proposal to her and was seeking to drag her to the rear of the store, and that upon the entrance of the son and others he immediately desisted and as a cover to such transaction falsely charged her with the theft of these articles. This was denied by the defendant, who testified that there was a theft. The jury found in favor of the plaintiff's version as to this transaction and

the court with some reluctance allowed such finding · to stand. · We do not deem it necessary to express an opinion on this question of fact.

From *Mrs. Hall's* own testimony it appears that upon the charge being so made she made· no statement affirming or denying the truth of the same, and a moment or two thereafter. left the store saying nothing more than that she would tell her husband.   *Mrs. Hall* asserts that on the following day, at an interview with Mrs. Frankel and her son, the defendant *David,* she then spoke of the alleged assault upon her on the preceding day.   She does not, however, testify that at that time she denied the charge made against her of the theft.

There is no testimony in the record to the effect that the defendant *David Frankel* was chargeable, at any of the times that he made the admitted statements concerning the alleged theft, with knowledge that such charge was false. There is nothing, therefore, in the record, other than the fact of the relationship between the defendants in a family and business way, upon which it could be held that the defendant *David Frankel* was participating with his father, *Moses Frankel,* in the latter's purpose of using a false charge of theft against *Mrs. Hall* for the purpose of concealing or avoiding the consequences of an indecent assault by him. Such a situation is insufficient to warrant the conclusion of the trial court that there was a conspiracy by these two defendants such as would support the judgment here.

Having reached this result, we deem it unnecessary to dispose of other questions discussed.

*By· the Court.*—Judgment reversed, and· cause remanded with directions to dismiss the action.