MOEN, Respondent, vs. MADISON RAILWAYS COMPANY, Appellant.

*May 1—June 4, 1929.*

For the appellant there was a brief by *Schubring, Ryan, Clarke & Petersen* of Madison, and oral argument by *William Ryan.*

For the respondent there was a brief by *Hill, Thomann & Beckwith,* and oral argument by *John T. Harrington,* all of Madison.

FOWLER, J.   A mere general allegation of negligence is a conclusion of law rather than an allegation of fact, and is not admitted by a demurrer.   The allegations of "adequate" and "proper" warning, if they are to be construed as a statement that the motorman either heard, or by the exercise of due care would have heard, the warning, are also conclusions rather than facts.   It is of the essence of negligence that the person charged should have knowledge that there was a duty for him to perform; knowledge of the facts out of which the duty to act arises is essential; in order that an act or omission may be regarded as negligent, the person charged must have knowledge or ought to have known from the circumstances that the act or omission charged involved danger to another.   45 Corp. Jur. p. 651, §§ 24, 25.   To the same general effect are *Routt v. Look,* 180 Wis. 1, 191 N. W. 557; *Wickert v. Wis. Cent. R. Co.* 142 Wis. 375, 125 N. W. 943; *Case v. Hobart,* 25 Wis. 654.

We are of the opinion that without an allegation that the motorman heard the gong, or an allegation that the defendant or its servant or agent committed or omitted some act because of which, if not committed or omitted, the motorman would, in the exercise of ordinary care, have discovered the approach of the fire truck, the complaint fails to state facts sufficient to constitute a cause of action.

*By the Court.*—The order appealed from is reversed, and the cause remanded with instructions to sustain the demurrer.