FLAMBEAU RIVER LUMBER COMPANY, Respondent, vs. LAKE SUPERIOR DISTRICT POWER COMPANY, Appellant.

*October 9—November 5, 1929.*

For the appellant there were briefs by *Bundy, Beach & Holland* of Eau Claire and *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *Allan T. Pray*.

For the respondent there was a brief by *Quarles, Spence & Quarles* of Milwaukee and *J. W. Carow* of Ladysmith, attorneys, and *Arthur Wickham* of Milwaukee, of counsel, and oral argument by *Mr. Wickham*.

ROSENBERRY, C. J.   The principal argument made here in support of the defendant's contention is that the complaint does not state a cause of action for the reason that it alleges conclusions of law rather than facts.   In the view which we take of the matter many things are argued in briefs of counsel which are immaterial in determining whether or not a cause of action is stated in that part of the complaint demurred to.

The defendant relies upon *Peake v. Buell,* 90 Wis. 508, 63 N. W. 1053; *Emond v. Kimberly-Clark Co.* 159 Wis. 83, 149 N. W. 760; *Moen v. Madison Rys. Co.* 199 Wis. 168, 225 N. W. 821, and other cases where it is held that it is for the pleader to state the facts showing a want of safety or negligence, and it is for the court to draw the conclusion that a thing is safe or unsafe or a person is or is not negligent from the facts pleaded.   It would not do to pursue too

far metaphysical distinctions between allegations of fact and conclusions of law. A general allegation that goods were sold and delivered, so often found in complaints and held sufficient to state a good cause of action, is a conclusion of law; an allegation that a party was a passenger upon a railway train would be a sufficient allegation although the facts out of which the relationship arose were not alleged; an allegation that an injured party was a son of the person bringing the action might be viewed as a statement of fact or conclusion of law. Courts in passing upon demurrers to complaints attempting to state causes of action for negligence have, as a practical matter, required the pleader to state the facts sufficiently to inform the court with respect to the facts out of which the particular injury complained of sprung.

In *Peake v. Buell, supra,* while it is said that the allegations of the complaint to the effect "that it was the duty of the defendant to erect, put up, and maintain guards, locks, bolts, bars, defenses, and protection over and above the window mentioned and the opening into the elevator shaft thereby caused, and that he disregarded and neglected such duty by allowing the window to remain open and unguarded, must be regarded as the pleader's conclusions of law from the facts therein alleged," nevertheless the court in that case determined from the facts so alleged that there was no duty on the part of the defendant to guard the elevator shaft in question. What is said in that case is that from the facts there alleged it did not appear that the defendant owed any positive duty to the plaintiff. It was not held that the allegation was insufficient as an allegation of fact, but that the inference that it was the duty of the defendant to guard the doors did not arise from the allegations made in the complaint.

In the complaint demurred to in the case at bar, it is alleged that by the erection of the dam the level of the water was raised fifty-five feet, causing the banks of the river to

overflow; that said banks so overflowed were covered with standing and fallen timber, stumps, and brush; that it was the duty of the defendant to remove said standing and fallen timber, stumps, and brush, but that it has failed and neglected so to do.

It is further alleged that in May, 1926, the defendant unreasonably, negligently, and wilfully opened and closed the gates of said dam at various and unreasonable intervals, in an improper and unreasonable manner; that the closing of the gates stopped the flow of the water in the reservoir above the dam and thereby caused logs of plaintiff to be held back and drift with the wind, etc., to plaintiff's damage.

In *Flambeau River L. Co. v. Railroad Comm.* 198 Wis. 134, 223 N. W. 417, it was held that the law under which the defendant company instituted improvements in the Flambeau river was for the purpose of preserving navigation and did not authorize its destruction. We are not concerned in this case with the power of the legislature to regulate, impair, or destroy navigation. As the trial court said:

"The regulations of the use of navigable streams for water-power purposes, which are found in ch. 31, Stats., do not attempt to curtail the public rights of navigation. Sec. 31.26 (4). The chapter grants powers to the railroad commission to so regulate the exercise of the rights of the riparian in creating water power as to preserve and protect the public right of navigation and prevent clashes, and to that end the railroad commission may make specific requirements in respect to preserving the right of navigation. Sec. 31.18. And in so doing it may require the maintenance of chutes, piers, booms, guide-booms, flumes, sluices, etc., for the purpose, among other things, of the protection of the public rights in such waters, and the commission may (and since the legislation of 1927 *shall*), in the interest of public rights in navigable waters, require the removal of standing and fallen timber, etc."

We conclude that the complaint states a cause of action. It may well be, as the trial court said, that the defendant is

entitled to a bill of particulars, but from the allegations contained in the second cause of action it appears that the plaintiff was engaged in navigating the Flambeau river; that its rights in respect to such navigation were invaded by the wrongful and wilful conduct of the defendant company in the particulars therein set forth, and that as a result of the invasion of such right it sustained the damages alleged. The manner in which and the extent to which its rights are impaired are sufficiently set forth to sustain the legal conclusion that such impairment was wrongful and unauthorized. It is not necessary to nor do we determine that all of the matters set forth are essential to plaintiff's cause of action. If the defendant company claims that it is operating under some lawful regulation and that it has violated no duty in the premises, that is a matter of defense. It cannot by demurrer compel the plaintiff to set up and anticipate its defenses as a part of the complaint.

*By the Court.*—Order affirmed.