WEBER, Respondent, vs. NAAS and others, Appellants.

*September 13—October 10, 1933.*

The cause was submitted for the appellants on the brief of *R. W. Lueck* of Watertown, and for the respondent on that of *Francis P. Beggan* of Watertown.

ROSENBERRY, C. J. The pleader attempted to set out four separate causes of action in a single complaint. In the first cause of action it is alleged that on or about April 23, 1932, the defendants owned and possessed a certain automobile, and on said date, through their agent and servant

in that behalf, managed, controlled, propelled, drove, and used said automobile on one of the streets in the city of Watertown; that on said day plaintiff was walking across Main street in said city, in a northerly direction, on the west crosswalk of said intersection, and was then and there in the exercise of due and ordinary care for her personal safety; that the defendant Martin Naas was driving said automobile in an easterly direction; "that the defendants then and there through their agent in that behalf, carelessly and negligently drove, operated, propelled, controlled, and managed their said automobile in an easterly direction along said Main street by driving the same or causing the same to be driven in such manner as to collide with and strike the plaintiff from the rear, injuring her;" and then sets out the nature of the injuries and alleges damages in the amount of $5,000.

In this cause of action the pleader attempted to state a cause of action against four defendants as owners of the automobile which was then and there being operated by Martin Naas as agent and servant of the owners. On behalf of the defendants it is urged that this count contains no allegation except a mere general allegation of negligence, does not allege in what respect the driver was negligent or that the negligent conduct of the driver was the cause of plaintiff's injury, and therefore it states no cause of action. The defendant relies upon *Moen v. Madison Rys. Co.* 199 Wis. 168, 225 N. W. 821. What was said in *Moen v. Madison Rys. Co.* must be considered with reference to the factual situation there presented. In that case the plaintiff brought an action to recover damages against the defendant railway company on the ground that the motorman failed to stop the street car immediately on the truck's approach and proceeded to a street intersection in violation of a city ordinance which required the motorman under such circumstances immediately to stop his car and keep it standing until the apparatus had passed. While it was alleged that the driver

of the fire truck gave continuous, repeated, adequate, and proper warning of the approach of the fire truck, there was no allegation that the motorman was in any way made aware of the fire truck in the street. It was held that the allegations of adequate and proper warning were to be construed as a statement that the motorman either heard or by the exercise of due care would have heard the warning were conclusions rather than facts; that in the absence of knowledge of the approach of the fire truck or of facts from which knowledge should be presumed, the motorman had no duty to perform, and the demurrer was sustained.

No analogous situation appears from the allegations of the complaint in this case. The allegation is that the automobile was then driven carelessly and negligently and so operated, propelled, controlled, and managed as to strike the plaintiff while she was in the exercise of ordinary care in crossing the street in the city of Watertown. As has been said, the rules with respect to the sufficiency of the allegations of a complaint as against a demurrer are easy to state but difficult to apply. In pleading negligence and in setting forth the facts which are alleged to constitute negligence, the general rule is that only ultimate facts are to be pleaded and it is not good pleading to plead matters of evidence. 6 Thompson, Negligence, § 7447, and cases cited. If the pleading fairly informs the opposite party of what he is called upon to meet by alleging the specific acts which resulted in injury to the plaintiff, and there is included a general statement that the defendant negligently performed the acts complained of, the pleading is sufficient. The remedy for failure to state the facts out of which the cause of action arose more specifically and which are relied upon to show liability for negligence is by motion to make the complaint more definite and certain and not by demurrer. 6 Thompson, Negligence, § 7461 and cases cited; 21 Ruling Case Law, p. 499, § 64, and cases cited.

In *Moen v. Madison Rys. Co., supra,* the negligence complained of was failure to observe the provisions of an ordinance. In the absence of the ordinance it would not have been the duty of the defendant motorman to have stopped his car and remained standing at the place where it was stopped until the truck had passed, so it was there held it was necessary to state the facts out of which the duty of the motorman to stop the car arose; and that he was aware or should have been aware of the presence of the fire truck was a necessary allegation. *Moen v. Madison Rys. Co.* 208 Wis. 381, 243 N. W. 503.

The allegations of the first count disclose the relation of the parties. It appears that the plaintiff was upon a public street in the exercise of ordinary care, that the defendants by their agent and servant so negligently drove and operated the automobile as to strike and injure the plaintiff to her damage. The nature of the injuries are set forth with particularity, the time and place at which the injuries occurred are stated, and under the general rules already referred to it must be held that a cause of action is stated which is good as against a demurrer.

Having stated a cause of action in favor of the plaintiff and against all four defendants, for a second cause of action the pleader re-alleges all the matters set forth in the first cause and then sets up with particularity the conduct of the driver of the automobile which resulted in injuries to the plaintiff in that "he negligently and carelessly operated the said automobile at a reckless and dangerous rate of speed, failed to keep a proper lookout for pedestrians, and failed to sound his horn or to give other warning of his approach;" and then re-alleges the injuries sustained by the plaintiff. We are at a total loss to understand the pleader's position with respect to this second count. If he alleged a cause of action in the first count as he contends he did, then the allegations in the second count add nothing to the allega-

tions of the first count so far as liability of the defendants is concerned. Having set out all the matters in the first count, simply a repetition thereof in another count adds nothing to the complaint.

For a third cause of action the defendant alleges all of the matters set out in the first and second causes of action, then alleges that the defendants Martin Naas and Elmer Naas are incompetent and unfit to drive an automobile, and that the defendants Josephine and Herman Rohloff are the parents of Martin and Elmer Naas and were grossly negligent in permitting Martin and Elmer Naas to have and drive an automobile in view of their affliction. Having re-alleged all the matters contained in the first and second causes of action, a good cause of action is alleged in the third count. Whether the pleader was attempting to set out a liability on the part of Josephine and Herman Rohloff for gross negligence is difficult to determine. If so, the allegations of the third count are so confused and conflicting that facts other than those necessary to constitute a cause of action in the first count must be treated as surplusage. No facts upon which a count for gross negligence could be sustained appear. The same is true in regard to the fourth cause of action, in which the pleader re-alleges all the matters set out in the first three causes of action, and in addition that Elmer Naas was the owner of the automobile and carelessly permitted the incompetent Martin Naas to drive it. If there is liability against any defendant on any ground, it is because of the negligence of the driver of the automobile. If the driver of the automobile was not negligent, then none of the defendants are liable.

We conclude, therefore, that but one cause of action is stated; that carrying forward allegations of the first and second counts into the third count, and the first, second, and third counts into the fourth count, result in such contradiction and confusion that we can do no more than say that

one good cause of action is stated which is in favor of the plaintiff against the four defendants, all the essential elements of which are set out in the first count.

While it may be considered that criticism of a pleading which is sustained as against a demurrer is not indicated, we feel that our duty to litigants requires us to point out the utter futility of pleadings of the character here under consideration. It has resulted in a delay of approximately a year in the determination of the plaintiff's rights, if any she has. Carrying forward of allegations contained in one count into another count by incorporations where they are inconsistent and wholly contradictory, indicates slackness and want of attention on the part of the pleader. To have a count in which it is alleged that a person who is incompetent is the agent of the parents, that the owner is an incompetent person who permitted another incompetent to operate the automobile, that both the owner and the operator were incompetent and for that reason the parents are liable for failure to exercise proper parental control, is so palpably wrong that the pleader could hardly have prepared such a count had he stopped for a moment to consider the nature of the allegations contained therein.

While we are obliged, under the rule that all intendments must be made in favor of the pleader, to sustain the order overruling the demurrer interposed on the ground that the complaint does not state a cause of action, and on the further ground that there is a misjoinder of actions, nevertheless there inevitably arises the question of whether or not liberalized rules of pleadings cannot be extended so far as to do more damage than good. If facts alleged constitute a cause of action, the pleader remains in court even though he has jumbled the facts, intermingled causes of action, and violated the rules of good pleading.

*By the Court.*—Order affirmed.