LUDWIG, Respondent, vs. WISCONSIN POWER & LIGHT COM-
PANY, Appellant.
SHADEL, Respondent, vs. SAME, Appellant.

*January 11—March 9, 1943.*

436

438

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland*.

*Raymond C. Fett* of Janesville, for the respondents.

FOWLER, J. The two actions were brought to recover for personal injuries alleged to have been caused by the defendant. The injuries were sustained at the same time and in the same way. The two cases were tried together, and the same verdict returned as to both, except as to the amount of damages assessed. The injuries were sustained through the burning and weakening of a steel cable supporting one end of a scaffold on which the plaintiffs were working in painting a building. The burning of the cable resulted from its coming in contact with horizontal wires through which the defendant supplied electric current to the building. The precise factual situation sufficiently appears from the statement preceding the opinion.

The complaints are substantially identical and ground the defendant's liability on allegations that the defendant was requested to change the wiring through which the defendant supplied electricity to the building so that the plaintiffs could operate the scaffold from which they worked; that the linemen represented that it was safe for the plaintiffs to proceed with their work without removal of the horizontal wires that supplied a part of the building; that the linemen "neglected" to remove these wires; and that this "neglect" was the proximate cause of the plaintiffs' injuries.

On these very loose and general allegations as to negligence the case went to trial without attack by the defendant as to its sufficiency. After the evidence was in, the court submitted the case to the jury by a special verdict. By this verdict the jury found, (1) that the men sent by the defendant to investigate and make the changes in the wiring requested, did not represent that it was safe for the staging cable to contact the horizontal wires; (2) that "under the circumstances known to the defendant's linemen the defendant failed to use ordinary care for the safety of the plaintiffs by neither cutting nor shutting off the current from the horizontal wires;" (3) that this failure caused the plaintiffs' injuries; (4) that the linemen ought reasonably to have foreseen that such failure might result in injury to others; (5) that the plaintiffs were guilty of contributory negligence; and (6) that the comparative negligence of the parties was, defendant's 60 per cent, plaintiffs' 40 per cent.

The defendant by motions after verdict moved in the alternative on several grounds for judgment dismissing the complaint, the first ground being dismissal on the verdict as returned. This motion should have been sustained unless the complaint raised the issue of negligence covered by questions above numbered (2), (3), and (4).

Examination of the complaint discloses that it raises no such issue, nor any issue of negligence. The only reference to negligence in the complaint is as above stated, that the linemen

"neglected" to remove the horizontal wires, and that this "neglect" was the proximate cause of plaintiffs' injuries. This is not an allegation that the defendant was negligent. In view of the allegation of the complaint that the plaintiffs requested the defendant to remove the wires, it was only an allegation that the defendant did not remove them as requested. To raise an issue of negligence a complaint must allege the fact of action or nonaction relied on, and all facts necessary to render the fact proximately causal. *Peake v. Buell*, 90 Wis. 508, 63 N. W. 1053; *Emond v. Kimberly-Clark Co.* 159 Wis. 83, 149 N. W. 760; *Moen v. Madison Railways Co.* 199 Wis. 168, 225 N. W. 821; *Weber v. Naas*, 212 Wis. 537, 250 N. W. 436. It is true, as stated in the case last cited, page 540, that "if the pleading fairly informs the opposite party of what he is called upon to meet by alleging the specific acts which resulted in injury to the plaintiff, and there is included a general statement that the defendant negligently performed the acts complained of, the pleading is sufficient." This instant pleading does not so inform the defendant. There is nothing in the complaint about cutting wires or cutting off current. Assuming, but not deciding, that under the circumstances detailed in the statement preceding the opinion the duty devolved upon the defendant to take ordinary care toward protection of the plaintiffs against the horizontal wires, manifestly cutting the wires or cutting off the current was not necessary to such protection. The injuries obviously resulted from the wires not being sufficiently insulated against contact with the cable, as they might have been by slipping over both of the live wires, or perhaps only one of them, adjacent to the cable, a slit section of garden hose two or three feet long—like failure was sustained as a ground of negligence in *Smith v. Appalachian Electric Power Co.* (4th Cir.) 74 Fed. (2d) 647—or the injuries might have been avoided by moving the wires closer to the building, or by warning plaintiffs that they must move the cable farther away from the wires to avoid it

causing a short circuit between the live wires and thus burning and weakening the cable. None of these or perhaps other acts of the defendant that may have afforded reasonable protection to the plaintiffs, if the duty to furnish such protection existed, was alleged as ground of negligence. Nor is it alleged that cutting the wires or cutting off the current was necessary for the purpose stated if no other adequate means of such protection was taken by the defendant. When specified acts are pleaded as negligent, and other acts constituting negligence not included with the specific acts alleged, are during the trial received in evidence, without objection, such other acts may be included with the grounds of negligence submitted to the jury, and if the jury find them to have been done and to have been negligent and causal the complaint will be considered as amended to include them. But this is true only if the action is grounded on negligence and negligence is alleged. The instant case, as above stated, is not grounded on negligence but on assurance that the horizontal wires were safe—or in other words did not endanger the plaintiffs in view of the manner in which they were prosecuting their work. It is also to be noted that the evidence bearing upon negligence was properly admissible as indirectly bearing upon the issue of assurance of safety and reliance thereon because bearing directly on likelihood or nonlikelihood of the assurance being given. We consider that the complaint affords no basis for recovery on the ground of negligence, and that as the only ground of recovery stated in the complaint, viz., that the defendant's linemen assured the plaintiffs that no injury would result from the presence of the horizontal wires was negatived by the answer of the jury to question above designated as (1), we consider that the defendant's motion for judgment on the verdict should have been granted.

It should be further noticed that defendant objected to the inclusion in the verdict of questions above numbered (3) and (4) for the reason that "there is no such issue as presented

by these questions in the case." This specific objection was not made as to question (2) although it was objected that there was no evidence in the case to warrant the submission of such question.

As we consider the case must be reversed for the reason above stated, we need not discuss other grounds for reversal contended for by the defendant.

*By the Court.*—The judgments of the circuit court are reversed, and the causes are remanded with direction to enter judgments dismissing the complaints on the merits.

WICKHEM, J., concurs in the result.