OLSON and another, Respondents, vs. JOHNSON, Defendant: HOME MUTUAL INSURANCE COMPANY, Appellant.

*September 8—October 5, 1954.*

For the appellant there was a brief by *Byrne, Bubolz & Spanagel* of Appleton, and *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Adolph P. Lehner*.

For the respondents the cause was submitted on the brief of *Maynard Berglund* of Superior.

STEINLE, J. The appellant contends that there are two separate complaints attached to one summons. It is the respondents' position that the plaintiffs' pleading consists of but one complaint in which two causes of action are separately stated. The wife's cause of action is set forth in paragraph form. It is particularized as to the following items:

Paragraph "1." Residence of plaintiffs, their status as husband and wife, and occupation of Dorothy M. Olson as housewife.

Paragraph "2." Residence of defendant Johnson and assertion that his occupation is unknown.

Paragraph "3." Corporate status and residence of carrier and its responsibilities under insurance policy issued to Johnson.

Paragraph "4." Description of intersection where collision occurred.

Paragraph "5." Time, place, and manner of collision.

Paragraph "6." Negligence of Johnson as to lookout, failure to observe "stop sign," and as to control.

Paragraph "7." Specification of personal injuries sustained by wife.

Paragraph "8." Damages.

*Ad damnum* clause for $15,000 for wife's damages.

The husband's cause of action is asserted in five separate paragraphs and a demand for damages of $5,000.

The appellant's objections are directed to paragraphs 2, 3, and 4 of the husband's stated cause of action. These are:

"2. That he realleges the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, and 7 of the complaint of the plaintiff, Dorothy M. Olson, with the same force and effect as if specifically set forth herein."

"3. That as a direct and proximate result of the negligence of the defendant, Roy Johnson, and of the injuries which the plaintiff, Dorothy M. Olson, sustained, the plaintiff, Norman O. Olson, has been obliged to provide care, medical attention,

drugs, and supplies for his wife, in order that she might heal herself as well as she may, and plaintiff alleges upon information and belief that he will be obliged to incur and expend considerable sums of money to provide care and medical attention for his wife for a long time in the future."

"4. That prior to the time of said accident, the plaintiff's wife was able to, and did perform work in connection with keeping and caring for the home of this plaintiff, but because of the injuries which the plaintiff, Dorothy M. Olson, sustained, she was and is disabled from performing said services which she was accustomed to, and did perform in and about the care and management of the home of the parties; that as result of said accident, and of the injuries to the said Dorothy M. Olson, the plaintiff, Norman O. Olson, has been, and for a long time will be deprived of the services of Dorothy M. Olson, as a wife."

The appellant contends that the rules of pleading do not permit a coplaintiff to reallege and carry forward by reference material matters from the plaintiffs' cause of action into the coplaintiff's cause of action as appears in paragraph 2 of the recital denominated as the husband's cause of action.

Further, the appellant maintains that paragraphs 3 and 4 of the husband's stated cause of action contain mere conclusions which are not admitted by the demurrer, and that hence the husband's complaint must fall.

Sec. 260.10, Stats., provides:

"All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, except as otherwise provided by law."

Sec. 260.12, Stats., provides in part:

". . . And when more than one person makes a separate claim for damage against the same person or persons based upon the same alleged negligence, they may unite in prosecuting their claims in one action."

The pleading of the plaintiffs is in the form of a single document. An examination of the pleading indicates that the wife claims damages for injuries to her caused by Johnson's negligence. The husband's claim for damages for medical expense, etc., and loss of services is based upon the same alleged injuries to his wife caused by the negligence of Johnson. The alleged liability of the carrier in both causes of action is predicated upon the contract provisions of the insurance policy. Manifestly, under the above-quoted statutory authorities, the parties were privileged to join in prosecuting their separate claims in one action. There is but one pleading and the respective causes of action are separately stated. Pleading in this form in situations under that portion of sec. 260.12, Stats., *supra,* has been recognized and sanctioned by the courts of this state.

The appellant challenges particularly the propriety of the practice of incorporating by reference statements of material matters from a prior cause of action into a succeeding one in a complaint. Appellant urges that only general statements, such as place of residence and relationship of parties, may be so incorporated. For authority the appellant relies upon a statement in *Hall v. Frankel* (1924), 183 Wis. 247, 197 N. W. 820, to such effect. In that case the reallegation by reference clearly resulted in a jumble which the court declared could not be countenanced. Causes of action had been improperly united, and phraseology realleged by reference, was not applicable, in fact inconsistent with the subsequent causes of action stated. Clearly, in that case, nothing but general statements, residence and relationship of parties, ought to have been carried forward by reference.

In *Weber v. Naas* (1933), 212 Wis. 537, 250 N. W. 436, the court declared that the carrying forward of allegations contained in one count of the complaint into another count

by incorporations, where they are inconsistent and wholly contradictory, is improper.

Here, however, the incorporated allegations are consistent with the cause of action alleged in the husband's stated claim. The husband's cause of action consists in part of the items alluded to in the wife's stated cause of action. In order to assert a valid cause of action it would be necessary for the husband to include statements of the nature referred to. The referred allegations are just as much a part of his stated cause of action as if they had been mechanically rewritten therein.

The reference concerns a cause of action in the same pleading, not another. It is permissible to refer to and thereby make a part of one count or defense, the whole or a part of the allegations of another part or defense in the same pleading. 41 Am. Jur., Pleading, p. 329, sec. 58. Generally, allegations in one count or separately stated cause of action may be incorporated in another by reference and adoption, provided the reference is clear, direct, positive, and explicit. 71 C. J. S., Pleading, p. 227, sec. 91.

Here, the reference is clear, direct, positive, and explicit. The incorporated allegations of the preceding cause of action are all relevant to the particular cause of action pleaded. They are not unduly repetitious. We are of the opinion that when the trial court tested the sufficiency in law of the facts stated in the husband's statement of cause of action, it properly included a consideration of the allegation realleged by reference in the husband's pleading.

Counsel for the appellant also contends that the generalities and conclusions alleged in the Norman O. Olson complaint fail to state a cause of action.

In paragraph 1 of the wife's stated cause of action as carried forward by reference in paragraph 3 of the husband's stated cause of action, there is recital of the fact that the parties "now are husband and wife." Paragraph 1 of the husband's stated cause of action contains a reference to the

same subject. Paragraph 3 of the husband's stated cause of action includes statements that the husband has been and will in the future be obliged to furnish care, medical expense, etc., for the wife. Appellant's counsel denominates these statements in paragraph 3 of Norman O. Olson's stated cause of action as mere conclusions and contends that they are in the same category as were statements in the complaint in *Palmisano v. Century Indemnity Co.* (1937), 225 Wis. 582, 275 N. W. 525. There the complaint alleged that the plaintiff "was obligated to pay the funeral expenses" of deceased, an adult son. The demurrer was sustained on the ground that the statement in the complaint that "the plaintiff is liable for and obligated to pay the funeral expenses" is a conclusion of law. The court pointed out that the primary obligation to provide proper burial for an adult child is on the child's estate, and in the absence of an allegation that the adult son left no estate, the complaint did not state a cause of action.

We distinguish the situation in *Palmisano v. Century Indemnity Co., supra,* from the case at bar in that here there is a presumption that the wife's medical expenses, etc., were incurred by the husband. The husband is obligated for such expenses in the first instance as necessaries for the wife and is entitled to recover them in an action in his own name. 27 Am. Jur., Husband and Wife, p. 94, sec. 496. It is presumed, in the absence of anything to the contrary, that the medical expenses, etc., were incurred by the husband since it is presumed that he has done his duty to his wife in such respect. 27 Am. Jur., Husband and Wife, p. 103, sec. 503. In view of this existing presumption, we cannot agree that the challenged recitals state mere conclusions of law. The loss of the wife's services was properly pleaded.

Another objection raised by the demurrer is the failure to specify the exact amount of expenses incurred by the husband. In his brief counsel for appellant writes:

"Norman Olson knows what moneys he expended (a) to provide care; (b) for medical attention, and (c) for drugs and supplies for his wife, and is duty bound to plead the facts. Defendant is entitled to have that definite information, alleged as facts, and is not bound by the generalities alleged in the complaint."

It is the general rule that in absence of statute to the contrary, it is not necessary to state separately in a complaint the amounts claimed for each of the particular items of actual damages alleged. Where the elements of damage alleged to have been suffered by the plaintiff are definitely enumerated, it is not necessary to state the amount claimed for each of such elements. 15 Am. Jur., Damages, p. 751, sec. 308. In this state there is no statute requiring specific statement in a complaint of the actual amounts expended for the particular items of damages alleged. Motion to make more definite and certain, demand for bill of particulars, examinations under secs. 326.12 and 325.14, Stats., are all means provided in our practice in appropriate situations to enable an opposing party to obtain amplification or more particular specification of matters set forth in a complaint. The absence in a husband's complaint of statement of precise amounts expended for care, medical attention, drugs, and supplies for his wife, who was injured through the negligence of another, does not render the complaint demurrable.

The trial court properly overruled the demurrer.

*By the Court.*—Order affirmed.