Genske v. Leutner, 191 Wis. 125.

GENSKE, Respondent, vs. LEUTNER and wife, Appellants.

*September 15—October 12, 1926.*

*Real-estate brokers: Contract of employment: Sufficiency: Receipt for part of purchase price: Signature of one of two joint owners: Trial: Questions not submitted to jury: How deemed determined: Failure of owner to deliver title.*

1. Where a real-estate agent, pursuant to an oral agreement to sell property owned jointly by husband and wife, procured a purchaser, and the wife accepted a payment by the purchaser and signed a receipt describing the real estate to be sold and expressing the price and the commission to be paid, such receipt was a note or memorandum of contract within the meaning of sec. 240.10, Stats. p. 127.

2. The signing of the contract by one joint owner of property who acted as agent for her co-owner is a compliance with the statutory requirement that the writing be subscribed by the person agreeing to pay the commission. p. 127.

3. No request having been made to submit to the jury the question whether defendants were not to be liable for a commission unless they could secure the removal of a tenant, the issue of fact, under sec. 270.28, Stats., must be deemed to have been determined by the trial court in favor of the prevailing party. p. 127.

4. A clause in the contract that the owners would have the store "vacated as soon as possible" meant that they would deliver possession to the purchaser as soon as the tenant could be removed by legal proceedings. p. 128.

5. Where the plaintiff broker had done all he was required to do, and the failure of the owners to deliver possession prevented the consummation of the sale, the broker was entitled to a recovery. p. 128.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Action by *John C. Genske* to recover real-estate agent's commission. Judgment for plaintiff. Defendants appeal.

Under an oral agreement to act as a real-estate broker for the sale of property owned by the defendants, *Olga Leutner* and *William Leutner,* jointly, the plaintiff found a purchaser who was ready, able, and willing to purchase the property on terms satisfactory to the defendants. The purchase and sale was conditioned upon the property being vacated by the tenant then in possession.

Defendant *Olga Leutner* accepted a payment of $100 made by the purchaser and gave the following receipt:

. "Kenosha, Wis. July 9, 1924.

"Received of Genske Agency One Hundred and no–100 Dollars earnest money on sale of 925 Elizabeth St. S. E. corner Eliz. & Grover St. Kenosha, Wis. to Mr. Taylor at $12,500. Terms $3,000 cash and balance at rate of $110. per mo. including interest at 6 % and will have store vacated as soon as possible and pay you commission of $475.

"OLGA LEUTNER.

"Deal to be closed soon as abstract can be brought down to date and examined.

"Title and conveyance subject to one mortgage."

Defendants were unable to remove the tenant. The purchaser then refused to consummate the deal.

Defendant *William Leutner* testified that his wife acted for him in the matter and that he was perfectly satisfied with what she did on this deal.

The cause was submitted for the appellants on the brief of *Robert V. Baker* of Kenosha, and for the respondent on that of *Stewart & Vaudreuil* of Kenosha.

STEVENS, J. Appellants urge that the judgment should be reversed upon two grounds:

1. That there can be no recovery because there was no

contract in writing to pay commission as required by sec. 240.10 of the Statutes.

2. That plaintiff did not perform the service required by his contract because the property was not sold.

1. The receipt given by *Olga Leutner* on July 9, 1924, is a note or memorandum of contract which fully complies with the requirements of sec. 240.10 of the Statutes. It is in writing. It describes the real estate to be sold. It expresses the price for which the property is to be sold and the commission to be paid and is subscribed by the person who agrees to pay the commission. It renders the defendant *Olga Leutner* liable to pay a commission if the plaintiff has performed the required services. By making his wife his agent and adopting her acts as his own, defendant *Leutner* rendered himself liable to pay the commission. The signing of the contract by one joint owner of the property who acted as agent for the other joint owner is a compliance with the requirements of the statute that the writing be subscribed by the person agreeing to pay the commission.

2. The purchaser produced by the plaintiff refused to complete the sale wholly because defendants were unable to give him possession of the property. The jury found that the plaintiff did not state, when the receipt of July 9, 1924, was signed by defendant *Olga Leutner,* that this receipt would be of no effect and that there would be no deal unless the defendants delivered the property vacant. The case was submitted to the jury upon a special verdict. There was no request to submit the question whether there was an agreement that the defendants were not to be liable to pay a commission unless they were able to secure the removal of the tenant. Pursuant to the provisions of sec. 270.28 of the Statutes this issue of fact must be deemed to have been determined by the trial court in accordance with plaintiff's proof that no such agreement had been made. The receipt of July 9, 1924, obligates the defendant to have the property

sold "vacated as soon as possible." This phrase is ambiguous as to time. Viewed in the light of the testimony as to the statements made by defendant *Olga Leutner* at the time the receipt was signed as to advice received from defendants' attorneys and the institution of legal proceedings by the defendants to remove the tenant, the phrase should be construed to mean that the defendants would deliver possession to the purchaser as soon as the tenant could be removed by the legal proceedings which were contemplated when the receipt was signed and which were instituted shortly after the signing of the receipt.

It was the failure of the defendants to deliver possession that prevented the consummation of the sale. Plaintiff had done all that he was required to do in order to entitle him to receive his compensation.

*By the Court.*—Judgment affirmed.