SCHULTZ, Appellant, vs. KENOSHA MOTOR COACH LINES, INC., and another, Respondents.

*March 9—April 5, 1950.*

For the appellant there were briefs by *Lepp & Phillips* of Kenosha, and oral argument by *David L. Phillips*.

For the respondents there was a brief by *Hammond & Hammond* of Kenosha, and oral argument by *Walter W. Hammond*.

HUGHES, J. We think it obvious the jury accepted the plaintiff's contention that a thirteen and one-half inch step was beyond his capacity and that therefore the bus driver was negligent in stopping where he would be required to attempt it. It then apparently concluded that this being the fact, it should have been a danger more apparent to plaintiff than to the defendant's driver, and arrived at the results above described.

We are of the opinion that the result reached is correct, though upon improper grounds.

The plaintiff concedes that the place for discharging passengers was safe for all but him. He had given no notice to the bus driver that he intended to alight at this stop or that he had to be discharged at a curb.

Plaintiff admitted that he had on at least one previous occasion stepped down at a point where there was no curb; the bus driver testified that at one of his stops where plaintiff

had frequently alighted there was no curb and that plaintiff had stepped down on those occasions to ground level without incident. There is thus no showing that by arrangement or otherwise defendant owed any greater duty to plaintiff in providing a safe place for alighting than it owed to its other passengers.

The practice is to stop over the curb, but there appears to be nothing in the law requiring it. The industrial commission approved the height of the step, and it is the regulation height of all similar bus steps.

Counsel for plaintiff cite *Delamatyr v. Milwaukee & Prairie du Chien R. Co.* (1869), 24 Wis. 578, where plaintiff, a woman, was injured in jumping from a train to the platform. The court quoted with approval a dissent filed in *Siner v. Great Western R. Co.* (1868), 3 Law Rep. Ex. 150, 154, 31 Vict.:

"It is said that the cause of the accident was not the distance, but the awkward and careless mode in which the plaintiff jumped down. This again was for the jury, but the fair result of the evidence is, that though an adult male could have jumped down easily, yet a female passenger would encounter some danger in descending. But then the alternative is presented that, if it was dangerous to descend she ought to have returned to her place in the carriage. I am clearly of opinion, however, that a railway company is not entitled to expose any passenger to the necessity of choosing between two alternatives, neither of which he could lawfully be called on to choose; namely, either to go on to Bangor, or to take his chance of danger and jump out; and if they do so, the choice is made at their peril. I agree that if it can be clearly seen by the passenger that the act must be attended with injury, it may then be fairly contended that he is not entitled to choose this obviously and certainly dangerous alternative."

We are of the opinion that this rule has no application in the instant case. The defendant provided a safe place to alight. The plaintiff has failed to produce any evidence from

which it can be said that the defendant owed him a greater duty in this respect than it owed the general traveling public.

We conclude that there was no evidence to sustain the jury's finding that the plaintiff was negligent in alighting from the bus. Neither is there any evidence from which a conclusion can be drawn that the defendant was negligent in providing its passengers with a safe place to alight or in any other respect. So far as the record discloses, this appears to have been an unfortunate accident which occurred solely because of plaintiff's physical infirmities. As plaintiff sets out, the mere happening of the accident raises no presumption of negligence on the part of the plaintiff. Likewise, it raises no presumption of negligence on the part of the defendant.

We are therefore of the opinion that the judgment of dismissal of plaintiff's complaint must be sustained.

*By the Court.*—Judgment affirmed.