REQUE, Appellant, v. MILWAUKEE & SUBURBAN TRANS-
PORT CORPORATION, Respondent.*

*March 6—April 7, 1959.*

* Motion for rehearing denied, with $25 costs, on June 2, 1959.

For the appellant there were briefs by *Lowry & Hunter,* and oral argument by *Willis J. Zick,* all of Waukesha.

For the respondent there was a brief by *Kivett & Kasdorf,* attorneys, and *Clifford C. Kasdorf* and *Nonald J. Lewis* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis.*

CURRIE, J.   It is our conclusion that the complaint is fatally defective in failing to properly allege essential facts establishing that the asserted negligence of the bus operator was a cause of the plaintiff's injuries.

The crucial paragraph of the complaint reads as follows:

"That on information and belief the said fall was caused as a direct and proximate result of the negligence of the said agent and employee of the defendant while engaged in the course of his employment in failing to properly park and position his bus in relation to the curb of the sidewalk so as to enable the plaintiff to safely alight and more particularly in parking at an excess distance from the curb making it impossible for the plaintiff to step from the said center door to the curb and thereby causing her to fall into the street between the said door and said curb."

The negligence which is alleged on the part of the bus operator is in parking the bus "at an excess distance from the curb." Giving the complaint the liberal construction to which it is entitled, we deem such allegation of negligence is sufficient to allege a violation of sec. 85.19 (2) (a), Stats. 1955. This statute prohibits any motor vehicle being parked "upon any street unless parallel to the edge of the street, headed in the direction of traffic, on the right side of the street, and with the right wheels of the vehicle within 12 inches of the curb or edge of the street. . . ." Such statute is applicable to the temporary stopping of a bus. *Jeffers v. Peoria-Rockford Bus Co.* (1957), 274 Wis. 594, 80 N. W. (2d) 785.

However, the allegation, that plaintiff's fall "was caused as a direct and proximate result" of the bus operator's negligence, in parking the bus at an excess distance from the curb "thereby causing her to fall into the street," states a mere conclusion of law. *Schmidt v. Wisconsin Sugar Co.* (1922), 175 Wis. 613, 618, 186 N. W. 222, and *Howard v. Redden* (1919), 93 Conn. 604, 107 Atl. 509, 7 A. L. R. 198. It is elementary that a demurrer does not admit the truth of allegations which are mere conclusions of law. *Zache v. West Bend* (1954), 268 Wis. 291, 293, 67 N. W. (2d) 301, and 4 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 48, sec. 22.40.

This court in *Ludwig v. Wisconsin Power & Light Co.* (1943), 242 Wis. 434, 440, 8 N. W. (2d) 272, stated:

"To raise an issue of negligence a complaint must allege the fact of action or nonaction relied on, and all facts necessary to render the fact proximately causal."

Under certain circumstances the allegations of negligence in a complaint coupled with those of injury may give rise to an inference of causation which will support a further allegation that the alleged negligent act, or acts, caused plaintiff's injury. An example of this would be an allegation that the operator of a vehicle failed to keep a proper lookout and that such failure caused a collision with another vehicle thereby injuring the plaintiff, a passenger therein. However, the fact that in the instant complaint the bus operator is alleged to have parked the bus more than 12 inches from the curb does not supply such inference of causation. Some other fact is necessary to be alleged, which concurred with the negligent parking, in order to spell out causation. An allegation of a dangerous condition in the pavement onto which the plaintiff was forced to step in alighting, or that a cyclist passing the bus on the right struck her, might suffice.

The most likely inference to be drawn from the instant complaint as to causation is that, because the bus was stopped more than 12 inches from the curb, the plaintiff in alighting was forced to step down a greater distance than if the bus had been properly parked at the curb. However, this has been held insufficient to spell out a cause of action. *Schultz v. Kenosha Motor Coach Lines* (1950), 257 Wis. 21, 42 N. W. (2d) 151. For situations in which there may be liability on the part of a bus owner or operator to an alighting passenger, see Anno. 9 A. L. R. (2d) 938.

Because the plaintiff elected to appeal instead of pleading over, with the result that the twenty-day period allotted for serving an amended complaint has long ago expired, she should not be denied such privilege of pleading over. *Cross v. Leuenberger* (1954), 267 Wis. 232, 65 N. W. (2d)

35, 66 N. W. (2d) 168. The order appealed from will, therefore, be modified so as to grant such privilege.

*By the Court.*—Order modified so as to grant to the plaintiff the privilege of serving an amended complaint within a period of twenty days from the remittitur of the record to the circuit court, and, as so modified, the order is affirmed.

The following opinion was filed June 2, 1959:

CURRIE, J. (*on motion for rehearing*). In our original opinion we held that the allegations of the complaint, when liberally construed, were sufficient to charge a violation by the defendant of sec. 85.19 (2) (a), Stats. 1955. We are now satisfied that a violation of such statute by the defendant did not constitute negligence *per se* as to the plaintiff passenger.

Such statute was enacted as a rule of the road for the purpose of insuring sufficient adequate usable highway space to vehicles traveling in the same direction as was the stopped or parked vehicle, and to prevent a collision occurring between such moving vehicle and the one stopped or parked. By the observance of the statute on the part of the operator of the stopped vehicle, such moving vehicles would not be put under the necessity of diverging from their own traffic lane in order to avoid a collision. We can perceive no legislative purpose in such statute to protect passengers in a public conveyance such as defendant's bus from any hazard other than that arising from a collision between a moving vehicle and the stopped bus. Not every violation of a statute constitutes negligence *per se*.

Sec. 288, p. 48, of Tentative Draft No. 4 of Restatement, Torts (2d), provides as follows:

"The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively

"(a) To protect the interests of the state or any sub-division of it as such; or

"(b) To secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public; or

"(c) To impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give to the public; or

"(d) To protect a class of persons other than the one whose interests are invaded; or

"(e) To protect an interest other than the one invaded; or

"(f) To protect against other harm than that which has resulted; or

"(g) To protect against other hazards than that from which the harm has resulted."

The above-quoted sec. 288 has been approved by the 1959 annual meeting of the American Law Institute and in all likelihood will be included in Restatement, Torts (2d), when finally promulgated by the institute. We consider that subparagraph (g) of such sec. 288 rules the instant appeal.

The learned trial court in its memorandum opinion correctly stated the law in this respect. We quote from such memorandum opinion as follows:

"The plaintiff contends that, in stopping as the bus did, the defendant violated sec. 85.19 (2), Stats. 1955, in that it was more than 12 inches from the curb. That statute is a safety statute in connection with moving vehicles on the same street, and does not apply to passengers alighting from a bus claiming injury solely from stepping from the bus while stopped more than 12 inches from the curb to allow passengers to alight. No case has been found holding that the statute was intended to apply to such cases."

The demurrer to the complaint was properly sustained by the trial court because the complaint failed to allege any causal negligence on the part of the defendant.

*By the Court.*—The motion for rehearing is denied with $25 costs.