BLANCHARD and another, by Guardian *ad litem*, Appellants, v. TERPSTRA and another, Respondents.

*November 29—December 22, 1967.*

---

294

296

For the appellants there was a brief by *Steele, Smyth, Klos & Flynn* and by *Charles N. Goerdt,* guardian *ad litem,* all of La Crosse, and oral argument by *John E. Flynn.*

For the respondents there was a brief by *Edwards, Hafner & McDonald* of La Crosse, and oral argument by *Roger W. Hafner.*

HEFFERNAN, J.

### *Parking on sidewalk as negligence*

The trial judge properly concluded that he erred in submitting to the jury question 2 (a) inquiring whether the defendant was negligent in parking on the sidewalk in violation of sec. 346.52 (1) (d), Stats. In his memorandum decision, the trial judge stated:

". . . that Sec. 346.52 (1) (d) is intended for the protection and convenience of users of the sidewalk and not to furnish a point for an inefficient [the trial judge having previously noted that no effective observation could be made from a point on the sidewalk] observation. The plaintiff is not within the class of persons Sec. 346.52 (1) (d) is intended to protect."

This analysis by the trial judge is obviously correct and had the effect of eliminating from the verdict the

only negligence question submitted to the jury. The trial judge elected to implement this conclusion by changing the answer of the cause question from "yes" to "no." We conclude that a more appropriate technique would have been to strike from the verdict, as inapplicable, both the negligence question and the cause question.[1]

Nevertheless, we affirm the conclusion of the trial judge that no liability is imposed upon the defendant by the violation of the statute that prohibits parking on a sidewalk.

*Should the question of common-law negligence independent of statute have been submitted to the jury*

Plaintiffs on appeal do not seriously contend that the court erred in changing the answer to question 2 (a). They do, however, maintain that the court erred in

[1] The violation of a safety statute is ordinarily negligence per se. *Meihost v. Meihost* (1966), 29 Wis. 2d 537, 540, 139 N. W. 2d 116; *Szafranski v. Radetzky* (1966), 31 Wis. 2d 119, 129, 141 N. W. 2d 902. If a party violates a statute but it is determined that the plaintiff was not within the class of persons that the statute was designed to protect (2 Restatement, *Torts*, p. 752, sec. 286, p. 759, sec. 288), the violation is not to be considered as determinative of the standard of reasonable care in a negligence action. Prosser, *Law of Torts* (hornbook series, 3d ed.), pp. 194, 195, sec. 35, explains the confusion that has led some courts to conclude as the trial court did in the case at bar:

"The explanation quite often given in these cases is that the violation of the statute is not the proximate cause of the injury to the plaintiff. In such a statement there is an obvious fallacy. In all such cases the act of the defendant has clearly caused the damage. . . . What the statute does, or does not do, is to condition the legality of the act, and to qualify or characterize it as negligent. Upon cause and effect it has no bearing at all."

And in *Kalkopf v. Donald Sales & Mfg. Co.* (1967), 33 Wis. 2d 247, 257, 147 N. W. 2d 277, we stated:

"Therefore, the standards of the statute will not be adopted as setting a standard of reasonable care in this instance, in that its purpose was to protect another interest than the one invaded."

failing to submit the proposed question inquiring whether the defendant had negligently parked his employer's truck in a location so it constituted an unreasonable interference with, and an unnecessary obstruction of, vision of those lawfully using the street.

While we do not in this opinion give approval to the precise form in which the question was offered, we agree with the plaintiffs' contention that the question of common-law negligence should have been submitted. While the record is not completely clear, the trial court apparently took the position that the statutory standard of negligence barred the finding of common-law negligence, *i.e.*, that, if the conduct was either controlled by statute or not proscribed by it, any common-law standard was irrelevant.

7 Am. Jur. 2d, *Automobiles and Highway Traffic*, pp. 899, 900, sec. 353, states the general rule to the contrary that a safety statute merely establishes a minimum standard of care and the conduct, even though sanctioned or in conformity with the statute, is not thereby necessarily relieved of conforming to the common-law requirements of ordinary care. In any event the establishment of a statutory definition of negligence per se does not thereby result in a preemption of the entire negligence question. There remains the question of possible common-law negligence.

The allegation of the complaint, "He so carelessly and negligently parked his truck so as to obstruct the view of the people using the alleyway," together with the testimony that the view was obstructed, sufficiently posed the question of common-law negligence as to require its submission to the jury. While it may not have been foreseeable that the conduct of the defendant would result in the particular injury sustained, it is apparent that some harm was foreseeable as the result of the admitted physical obstruction of a portion of the street and of the sidewalk, in addition to the probable harm that might, and in this case did, result from obstruction of the

view of users of the highway and the alley. It is thus apparent that the jury could have found conduct of Terpstra to be negligent.

In *Cirillo v. Milwaukee* (1967), 34 Wis. 2d 705, 711, 712, 150 N. W. 2d 460, we stated:

"This court has often stated that 'harm must be reasonably foreseen as probable by a person of ordinary prudence under the circumstances, if conduct resulting in such harm is to constitute negligence.' There is no necessity, however, that the actual harm that resulted from the conduct be foreseen. In *Schilling v. Stockel* this court, quoting with approval from *Christianson v. Chicago, St. P., M. & O. R. Co.*, said:

" '. . . the law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow.' "

Applying, then, the standards that have been accepted by this court, it is apparent that a question of common-law negligence was presented and a question in that regard should have been submitted to the jury.

In the usual case, having decided that a requested special-verdict question was erroneously rejected, we would remand for a new trial. We conclude, however, in view of our conclusion in respect to the comparison of negligence, that a remand would be of no avail to the plaintiff.

### Comparison of negligence

The jury apportioned negligence of the defendant in respect to violation of the sidewalk statute at 70 percent, and apportioned the negligence of the plaintiff in regard

to lookout and failure to yield the right of way at 30 percent. The trial judge stated that, even assuming that the plaintiff was protected by the sidewalk statute, "he was definitely more negligent than Terpstra." We concur in the trial judge's ultimate conclusion and would hold the apportionment of 70–30 to be unsupported by the evidence even though the jury had been properly instructed on *common-law negligence* and had found the defendant culpable in that respect.

The bicyclist was found negligent as to lookout and failure to yield the right of way. The negligence of Terpstra was minimal in comparison. The truck had been parked in the driveway no more than thirty minutes, and during that time it was attended by Terpstra and his son, who were actively engaged in loading it with portions of the fallen tree.[2]

---

[2] This analysis assumes that, had the jury been submitted a proper question on common-law negligence, it would have returned a verdict finding the apportionment of negligence in the same manner and in a similar proportion as it did in the instant case. This is not to say that the court, as a matter of policy, could not have concluded that the imposition of liability would result in an unwarranted restraint on what is, in the main, socially desirable conduct. In the event considerations of policy were applied by the court, the rationale of *Colla v. Mandella* (1957), 1 Wis. 2d 594, 598, 599, 85 N. W. 2d 345, would be appropriate.

"It is recognized by this and other courts that even where the chain of causation is complete and direct, recovery against the negligent tort-feasor may sometimes be denied on grounds of public policy because the injury is too remote from the negligence or too 'wholly out of proportion to the culpability of the negligent tort-feasor,' or in retrospect it appears too highly extraordinary that the negligence should have brought about the harm, or because allowance of recovery would place too unreasonable a burden upon users of the highway, or be too likely to open the way to fraudulent claims, or would 'enter a field that has no sensible or just stopping point.' "

Thus applying principles of judicial policy, if the standards set forth above were met, recovery might be denied even to a non-negligent plaintiff in his suit against a negligent defendant.

In any event, the result in this case would be the same. The plaintiffs' complaint must be dismissed.

While the conduct of the defendant in blocking the view could constitute negligence, such negligence was necessarily slight in comparison to that of the plaintiff, whose conduct evinced a complete disregard of the rules of the road. We accordingly conclude, irrespective of the standard of negligence used to measure the conduct of the defendant, that the plaintiff was at least as negligent as the defendant and, therefore, his recovery must be denied.

*By the Court.*—Judgment affirmed.