THORP SALES CORPORATION, Appellant, v. LEASE, Individually and as Administratrix of the estate of D. James Lease, Respondent.

*No. 262. Argued November 3, 1971.—Decided November 30, 1971.*
(Also reported in 191 N. W. 2d 885.)

For the appellant there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland, S. C.,* attorneys, and *James D. Wing* of counsel, all of Milwaukee, and oral argument by *Mr. Wing.*

For the respondent there was a brief by *La Follette, Sinykin, Anderson & Abrahamson* and *Jay W. Winter,* attorneys, and *Christopher J. Wilcox* of counsel, all of Madison, and oral argument by *Mr. Wilcox.*

WILKIE, J.  Two issues are raised by the two appeals:

1. Did the circuit court properly conclude that it lacked jurisdiction of the first cause of action against respondent as administratrix because of the pending probate proceedings?

2. Does sec. 240.10, Stats., bar the introduction of parol evidence to prove an agency relationship between respondent and her husband?

*The scope of the circuit court's jurisdiction.*

In *Cawker v. Dreutzer* [1] this court said:

"[U]nless it is made to appear that the county court before which an estate is being administered cannot af-

---

[1] (1928), 197 Wis. 98, 128, 129, 221 N. W. 401; *see also:* 1 Callaghan's, MacDonald, *Wisconsin Probate Law* (6th ed.), p. 20, sec. 1.120, note 80.

ford as adequate, complete and efficient a remedy as the circuit court, the circuit court should not assume jurisdiction, and to do so will be treated as reversible error."

In the present case Thorp recognizes that it must demonstrate that its remedy in probate court would be inadequate or inefficient, but it fails to make such a showing. One of the cases cited by the appellant in support of the proposition that the circuit court should have accepted jurisdiction to avoid multiplicity of suits, *Burnham v. Norton,*[2] was modified by *Cawker.*[3] Other cases cited by appellant are *Cannon v. Berens,*[4] involving an action against a number of defendants who could not be reached by the county court's jurisdiction; and *Milwaukee v. Drew,*[5] involving multiple parties beyond the jurisdiction of the county court who sought a remedy not available in probate court.

Neither situation is presented here. There are no multiple parties as to the first cause of action and the relief sought against the administratrix is available in the probate court. Thorp is pursuing that remedy. It has not shown that the relief available in the probate court is inadequate or inefficient. Therefore, the circuit court properly sustained the demurrer to the first cause of action.

### *Effect of sec. 240.10, Stats.*

As to respondent's, Mrs. Lease's, demurrer to the third cause of action on the basis that there are insufficient facts to constitute the action, it is essential to bear in mind the two separate types of agency relationship which are involved. The first agency is between the deceased, Mr. Lease, and Thorp. The second claimed

[2] (1898), 100 Wis. 8, 75 N. W. 304.
[3] *Supra,* footnote 1, at page 120.
[4] (1943), 244 Wis. 271, 12 N. W. 2d 53.
[5] (1936), 220 Wis. 511, 265 N. W. 683.

agency, which forms the basis for the third cause of action, is between the deceased and his wife.

Mrs. Lease asserts that sec. 240.10, Stats., precludes Thorp from attempting to prove the second agency relationship inasmuch as such relationship does not appear on the face of the contract.

Sec. 240.10, Stats., is an extension of the statute of frauds, designed to prohibit recovery for services where there is no written contract.[6]

> "240.10 **Real Estate agency contracts.** (1) Every contract to pay a commission to a real estate agent or broker or to any other person for selling or buying real estate shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller, be in writing and be subscribed by the person agreeing to pay such commission."

This statute is designed to prohibit the introduction of parol evidence to prove the first agency relationship here—that between Mr. Lease and Thorp. The question posed by Mrs. Lease's demurrer to the third cause of action, however, is whether this same statute bars parol evidence to prove the second agency relationship—that between Mr. Lease and his wife. Respondent argues that the action is barred by the statute, while appellant contends that it has the right to produce evidence of the agency relationship.

The purpose of this statute is to protect the public from dishonest real estate agents.[7] It was not intended

---

[6] *Hale v. Kreisel* (1927), 194 Wis. 271, 272, 215 N. W. 227; *Purtell v. Tehan* (1966), 29 Wis. 2d 631, 139 N. W. 2d 655.

[7] *Krzysko v. Gaudynski* (1932), 207 Wis. 608, 614, 242 N. W. 186; *Hilboldt v. Wisconsin Real Estate Brokers' Board* (1965), 28 Wis. 2d 474, 484, 137 N. W. 2d 482.

to govern the relationships between joint owners of property. Where an agent entered into an oral agreement with his principal to jointly purchase the land and then refused to honor the agreement an oral contract would not be barred by the statute of frauds and a constructive trust is created.[8]

The rule in other jurisdictions [9] is that an oral agreement between husband and wife for one to act as the agent for the other is not invalidated by the statute of frauds. Consistent with this rule is *Genske v. Leutner,*[10] wherein this court held that an oral agreement of agency between husband and wife is enforceable and not rendered invalid by the statute of frauds or sec. 240.10, Stats.[11] The complaint in this case alleges an agency relationship and subsequent ratification by the parties of the relationship. Under such facts, a valid cause of action is alleged. The demurrer was properly overruled.

*By the Court.*—Order affirmed. No costs on appeal.

[8] *Stein v. Soref* (1949), 255 Wis. 42, 38 N. W. 2d 3; 2 Restatement, *Agency* 2d, p. 271, sec. 414 (2).

[9] Annot. (1953), 27 A. L. R. 2d 1285, 1300, sec. 13; *see also:* Seavey, *Law of Agency* (hornbook series, 1964), p. 260, sec. 158 C.

[10] (1926), 191 Wis. 125, 210 N. W. 369.

[11] It should be noted, however, that in *Wangen v. Leum* (1970), 46 Wis. 2d 60, 174 N. W. 2d 266, we concluded that an agency relationship is not legally sufficient to transfer a homestead without the joinder of the wife in the conveyance.