MARSHALL & ILSLEY BANK, Plaintiff, v. PALMER (John), Defendant and Third-Party Plaintiff and Appellant: PALMER (Ray) and others, Third-Party Defendants: MADISON BANK & TRUST COMPANY, Third-Party Defendant and Respondent. [Case No. 193.]

MARSHALL & ILSLEY BANK, Plaintiff, v. PALMER (Ray) and another, Defendants and Third-Party Plaintiffs and Appellants: PALMER (John) and another, Third-Party Defendants: MADISON BANK & TRUST COMPANY, Third-Party Defendant and Respondent. [Case No. 194.]

*Nos. 193, 194 (1974). Submitted under sec. (Rule) 251.54 September 9, 1975.—Decided September 30, 1975.*
(Also reported in 233 N. W. 2d 396.)

80

For the appellants the cause was submitted on the brief of *Jack D. Walker, Joseph A. Melli* and *Melli, Shiels, Walker & Pease,* attorneys, and *James C. Boll* of counsel, all of Madison.

For the respondent the cause was submitted on the brief of *DeWitt, McAndrews & Porter, S. C.* of Madison.

ROBERT W. HANSEN, J. While three grounds for demurrer were asserted, the trial court granted the demurrer of respondent on the single ground that the circuit court lacked jurisdiction over the subject matter of the third-party complaints filed by appellants. The sole question before us is whether the trial court erred in so holding.

The proper procedure to make claims against the estate of a deceased person in this state is to file a claim against the estate in the probate proceedings. It is the duty of the county court in probate to ". . . receive, examine and adjust the claims and demands of all persons against every decedent whose estate is in probate."[1] This procedure applies as well to contingent claims, which are to be allowed and paid when they "become absolute."[2] Thus jurisdiction to handle claims

[1] Sec. 313.01, Stats. 1967. *See also:* Secs. 313.06, 313.07, 313.08, and 313.10, Stats. 1967.

[2] Sec. 313.22, Stats. 1967, providing for filing of contingent claims against a decedent's estate. *See also:* Sec. 313.23, Stats. 1967, providing for allowance and payment of contingent claims filed against an estate when they "shall become absolute." *See*

against an estate rests in the county court in probate, except for certain types of actions and where the probate court cannot give a remedy "as adequate, complete, prompt or efficient" as that securable in the circuit court.[3]

We deal here with whether the loan guaranty payments, executed by Percy W. Palmer during his lifetime and by Robert W. Palmer as executor, became contingent claims against his estate which must be filed in the county court in the probate-of-estate proceedings. Appellants contend that the statute requires only the filing as claims in probate of contingent claims which accrue and become absolute during the administration of the estate. This possible construction of the statute was rejected by this court in a case involving the same guaranty by the same persons that are involved in this appeal.[4] There and then, and very recently so, this court decided and held:

"The guaranty executed by Percy W. Palmer during his lifetime made the claim of M & I a contingent claim against the estate. Sec. 313.22, Stats. 1967. It was one proper to have been filed against the estate.

"Because a contingent claim is a proper claim to be filed in probate, under sec. 313.08, Stats. 1967, it is forever barred if not filed within the time limited for that purpose. Therefore, because M & I did not file its contingent claim, its claim against the estate based on

---

also: Davis v. Davis (1909), 137 Wis. 640, 648, 119 N. W. 334, this court stating: "A contingent claim is one which may never accrue. . . . A contingent claim is one where the liability depends upon some future event which may or may not happen and therefore makes it uncertain whether there ever will be a liability."

[3] Sec. 287.17, Stats. 1967, providing that no action, other than certain types of action listed, shall be commenced against an executor or administrator of an estate, except ". . . actions in which the county court in probate cannot afford a remedy as adequate, complete, prompt or efficient as the circuit or county court."

[4] Estate of Palmer (1975), 68 Wis. 2d 101, 227 N. W. 2d 680.

either the guaranty of Percy W. Palmer or Robert W. Palmer, as executor, is forever barred pursuant to the provisions of the statute."[5]

The language could not be clearer, and we see it as completely disposing of the appellants' argument that the guaranties executed by Percy W. Palmer and Robert W. Palmer, as executor, were of a type that need not have been filed against the Palmer estate in the probate proceedings. So, following this recent holding of this court as to the same guaranty agreements here involved, we agree with the trial court that it was without jurisdiction to hear the third-party complaint against Madison Bank & Trust Company for the reason that the county court is or was the proper forum to determine this contingent claim against the estate of this deceased person.

This reiterated conclusion as to the county court being the proper forum is not here shaken by appellants' contention that there could be here no "adequate remedy" in the probate court. While the third-party complaints do allege that the county court cannot afford the third-party plaintiffs an adequate remedy against the Madison Bank & Trust Company, the sole reason given, and that only on appeal, is that "there are here parties and remedies beyond the jurisdiction of the probate proceeding."[6] Such allegation contained in the third-party complaint is not admitted by demurrer,[7] and, if it had been, was

---

[5] *Id.* at page 107.

[6] Appellants' brief at page 16, stating: ". . . there are here parties and remedies beyond the jurisdiction of the probate proceeding. Probate court cannot determine appellant's liability to M & I, nor appellants and Robert W. Palmer's respective contribution rights."

[7] *See: Polanski v. Eagle Point* (1966), 30 Wis. 2d 507, 515, 141 N. W. 2d 281, this court holding: "Legal conclusions are not admitted on demurrer." *See also: Reque v. Milwaukee & Suburban Transport Corp.* (1959), 7 Wis. 2d 111, 113, 95 N. W. 2d 752, 97 N. W. 2d 182, this court stating: "It is elementary that a demurrer does not admit the truth of allegations which are mere conclusions of law."

not sufficient to state facts sufficient to show a lack of jurisdiction in the county court. In applying sec. 287.17 and the "as adequate" test to a particular set of pleadings, our court appears to have followed a case-by-case approach.[8] However, as to the exact contingent claim against the Palmer estate here involved, our court held that there could be no direct suit by the Marshall & Ilsley Bank against the estate in circuit court. In the case now before us, the sole difference is that co-guarantors claim contribution against the same estate based on the same loan guaranties by the same testator and executor. We hold that the earlier *Palmer Case*[9] holding, barring a circuit court action by the beneficiary of the loan guaranty against the estate, also applies to the co-guarantors seeking contribution by such direct action against the estate. For the same reasons that the M & I Bank was required to file and establish its contingent claim under the guaranties in the probate court, so the co-guarantors are required to establish their contingent claim for contribution against the estate in the probate proceedings. The same statute requiring filing of contingent claims in the probate court applies to both the bank to whom the guaranties by the testator and

---

[8] *See: Thorp Sales Corp. v. Lease* (1971), 53 Wis. 2d 195, 199, 191 N. W. 2d 885, our court upholding a demurrer to an action against the administratrix of an estate, stated: "In the present case Thorp recognizes that it must demonstrate that its remedy in probate court would be inadequate or inefficient, but it fails to make such a showing." *See also: Milwaukee v. Drew* (1936), 220 Wis. 511, 535, 265 N. W. 683, involving multiple parties beyond the jurisdiction of the county court who sought a remedy not available in probate court, our court repeating: " '. . . [U]nless it is made to appear that the county court before which an estate is being administered cannot afford as adequate, complete, and efficient a remedy as the circuit court, the circuit court should not assume jurisdiction, and to do so will be treated as reversible error. . . .' " (Quoting *Cawker v. Dreutzer* (1928), 197 Wis. 98, 128, 129, 221 N. W. 401.)

[9] *Estate of Palmer, supra,* footnote 4.

executor were given, and to the co-guarantors involved. While the appellants here have not shown why the county court could not give as adequate a remedy, we go beyond that deficiency in the pleading, properly raised by demurrer, to hold that where filing its contingent claim in the county court was held to be the sole and adequate remedy for the bank guaranteed, it is also an adequate remedy for the co-guarantors. The holding in the earlier *Palmer Case* that the Marshall & Ilsley Bank was barred from proceeding against the estate on the guaranties "because M & I did not file its contingent claim [in probate]," is a holding that the co-guarantors are barred from a direct action in the circuit court against the estate for contribution on the same guaranties. They, too, must file a claim in county court, in probate, under sec. 313.08, Stats. 1967, within the time limited for that purpose. The sauce served to the bank is the sauce that must be served to the co-guarantors.

Nor do we find merit or substance in the contention of the appellants here that, since the complaint of the plaintiff did not recite the time within which contingent claims were to be filed with the county court in probate, this issue of jurisdiction was not ripe for judicial determination by the trial court, and is not ripe for consideration by this court. At no point in the proceedings was there allegation or issue raised as to whether the contingent claim of the co-guarantors against the estate was barred by failure to file a claim in probate within the time limits prescribed by statute. Rather, the contention was and is that the circuit court lacked jurisdiction, with the co-guarantors required to file and establish their contingent claim against the estate in county court. Demurrer was on the ground, not that time had run out, but that the county court in probate was the proper forum. What is relevant on this issue is whether there is a claim against the estate of the deceased to be filed in probate court, and whether, under

the earlier *Palmer Case* holding, the contingent claim of these co-guarantors must be filed and established in such county court in probate rather than in a direct action in the circuit court. The issue thus presented was ripe for consideration by the trial court, and remains ripe on appeal. We affirm the granting by the trial court of the demurrer of the Madison Bank & Trust Company to the third-party complaints of the appellants. That is the only issue raised on appeal, and, on that issue and this record, the orders of the circuit court are affirmed.

*By the Court.*—Orders affirmed.

DAY, J., took no part.